UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

C. Wayne Basore,
            *Plaintiff-Appellant,*

v.

Wal-Mart Stores, Incorporated,
            *Defendant-Appellee,*

and

Dyer Wood, Incorporated,
            *Defendant.*

}  No. 00-1233

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-99-90-A)

Argued: January 22, 2001

Decided: April 27, 2001

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

---

Vacated in part and remanded by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** David John Fudala, Fairfax, Virginia, for Appellant. William Beverley Tiller, MORRIS & MORRIS, P.C., Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

C. Wayne Basore brought a personal injury action against Wal-Mart Stores, Inc., alleging that Wal-Mart was negligent and had breached the implied warranty of merchantability by selling him a defective bar stool. The district court entered summary judgment in favor of Wal-Mart on both claims, and Basore appeals the grant of summary judgment on the breach of warranty claim. Because the issue of whether Basore has a claim for breach of the implied warranty of merchantability requires further consideration, we will remand the case to the district court.

I.

Basore operates a business that liquidates the assets of bankrupt companies. In 1996 he was hired by Minnesota Mining and Manufacturing Co. (3M) to liquidate certain collateral (crystal) reclaimed from a company that 3M had financed. Basore was to sell the crystal at retail, so he rented store space in Fairfax, Virginia, for that purpose. Basore realized that he needed a stool for his own use at the cash register while he conducted the liquidation sale, and on October 31, 1996, he went to a Wal-Mart store in Fairfax and bought a wooden bar stool. The stool, which was manufactured by Dyer Wood, Inc., did not require any assembly. Dyer Wood's limited warranty was attached to the underside of the seat cushion. It provided that the stool was for "residential use only" and that use in a commercial establishment voided all express and implied warranties. The limited warranty disclaimed any express warranties and limited all implied warranties to six months from the date of purchase. The sole remedy provided for under the limited warranty was "repair or replacement of a defective stool at the option of Dyer Wood."

On November 10, 1996, within two weeks of the purchase, the bar stool collapsed while Basore was tallying sales at the end of the day.

Basore hit his head on the concrete floor and suffered personal injuries. He filed a motion for judgment against Dyer Wood and Wal-Mart in Fairfax County Circuit Court, alleging negligence and breach of the implied warranty of merchantability. Wal-Mart removed the action to federal court on the basis of diversity of citizenship. Dyer Wood was then dismissed from the case because Basore failed to serve that company with a copy of the summons and complaint.

Wal-Mart moved for summary judgment, arguing that Basore did not allege any independent act of negligence by Wal-Mart and that Basore's use of the chair in a commercial setting voided any warranty. The district court granted Wal-Mart's motion. On the negligence claim the court accepted Wal-Mart's argument that it had no duty to inspect the bar stool for defects. On the breach of warranty claim the court reasoned that Wal-Mart was not liable because it does not issue any kind of warranty on the products it sells. Specifically, the court considered Dyer Wood's limited warranty irrelevant because it was not issued by Wal-Mart. Basore appeals the district court's grant of summary judgment to Wal-Mart on his breach of implied warranty claim.

## II.

We review a grant of summary judgment de novo. *See Marshall v. Cuomo*, 192 F.3d 473, 478 (4th Cir. 1999). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the nonmovant, drawing all inferences in his favor. *See Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Basore argues on appeal that the district court, in granting Wal-Mart's motion for summary judgment, did not adequately analyze his claim that Wal-Mart breached the implied warranty of merchantability. For the reasons that follow, we believe that further consideration of that issue is required.

Under Virginia law "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant

with respect to goods of that kind." Va. Code Ann. § 8.2-314(1). For goods to be merchantable, they must be "fit for the ordinary purposes for which such goods are used." *Id.* § 8.2-314(2)(c). *See also Bayliner Marine Corp. v. Crow*, 509 S.E.2d 499, 503 (Va. 1999). Subject to certain requirements, a seller can exclude or modify the implied warranty of merchantability. *See* Va. Code Ann. § 8.2-316.

In his complaint Basore stated a claim for breach of the implied warranty of merchantability. In its summary judgment papers Wal-Mart argued that under the terms of the limited warranty attached to the bar stool, Basore's use of the stool in a commercial setting voided all implied warranties. In his written response Basore denied that he was using the stool for a commercial purpose. Rather, Basore contended that he was making personal use of the stool because he was the only one who sat on it. Furthermore, Basore argued that the limited warranty was ineffective because it was placed on the underside of the seat cushion, which is not conspicuous as required by Virginia law. *See* Va. Code Ann. § 8.2-316 ("[T]o exclude or modify the implied warranty of merchantability or any part of it the language . . . must be conspicuous . . . ."); *id.* § 8.1-201(10) (defining "conspicuous" as "so written that a reasonable person against whom it is to operate ought to have noticed it").

At the oral argument on Wal-Mart's motion for summary judgment, the district court asked Basore's counsel to explain the breach of warranty theory. Counsel repeated the arguments made in his written response. The court then asked whether Wal-Mart "puts out any kind of a warranty about its products." Because Basore's counsel answered that Wal-Mart did not issue "any independent warranties," the court entered summary judgment in favor of Wal-Mart on Basore's implied warranty of merchantability claim. However, the fact that Wal-Mart did not issue any sort of written warranty does not mean that there is no warranty of merchantability on the bar stool. Again, the warranty of merchantability is *implied* "if the seller is a merchant with respect to goods of that kind." Va. Code Ann. § 8.2-314(1). Because the warranty of merchantability is an implied warranty, we remand for further proceedings on the claim based on that warranty. The district court might wish to begin with a reconsideration of Wal-Mart's motion for summary judgment on Basore's claim that Wal-Mart breached the implied warranty of merchantability. We

express no opinion on the merits of either side's arguments with respect to this claim.

The summary judgment is vacated to the extent that it awarded judgment to Wal-Mart on Basore's implied warranty of merchantability claim. The case is remanded for further proceedings consistent with this opinion.

*VACATED IN PART AND REMANDED*